920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Susan SCHENK, Plaintiff-Appellant,
v.
RUBBERMAID, INC., and United Rubber, Cork, Linoleum &
Plastic, AFL-CIO-CLC, Defendants-Appellees.
 No. 90-3180.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, a former employee of Rubbermaid ("Rubbermaid" or "employer") and a former member of URW Local 302 ("Union"), appeals from a summary judgment on her hybrid breach of contract/unfair representation action against defendants based on section 301(a) of the Labor Management Relations Act, 29 U.S.C. Sec. 185. For the following reasons, we AFFIRM.
 
 
 2
 Rubbermaid discharged plaintiff based upon a series of incidents involving a co-worker, Judy Marty ("Marty"). Plaintiff harassed Marty over a period of time, culminating in a threat to cut the tires on Marty's vehicle. This resulted in a written warning by her employer. The harassment continued, however, and plaintiff was given a second written warning. At this time, a company official warned plaintiff that continued harassment could result in more serious discipline, including discharge. The next day plaintiff, in an intoxicated state, drove across Marty's lawn and later made several harassing phone calls to Marty's residence. Upon learning of plaintiff's acts, Rubbermaid suspended plaintiff pending completion of an investigation into this incident. Rubbermaid subsequently discharged plaintiff.
 
 
 3
 Based on the collective bargaining agreement, the Union represented plaintiff during the course of these disciplinary actions. The Union filed a grievance contesting the second written warning, but elected to delay the resolution of this grievance in order to proceed directly to arbitration on the issue of plaintiff's discharge. At the arbitration hearing, the Union chose not to argue that punishment in these circumstances was unwarranted, but rather that the punishment imposed--discharge--was too severe. Plaintiff concurred in this strategy. The arbitrator denied plaintiff's grievance. Plaintiff then filed suit in district court alleging that Rubbermaid breached the collective bargaining agreement and that the Union breached its duty of fair representation. The District Court granted summary judgment on behalf of defendants, Rubbermaid and the Union. This appeal ensued.
 
 
 4
 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Recent Supreme Court pronouncements make clear that Rule 56(c) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment need not support its motion with evidence negating the opponent's claim, but the moving party must affirmatively show the lack of evidence in the record. Id. at 323, 330. Once the moving party does this, the non-moving party, having the burden of persuasion on an essential element at trial, must come forward with evidence that demonstrates the existence of a genuine issue for trial. Id. at 324, 332. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 5
 Plaintiff's action, sometimes referred to as a hybrid 301 action, consists of two interdependent claims: a claim against the union for breach of its duty of fair representation; and a claim against the employer for breach of the collective bargaining agreement. The Supreme Court has elaborated on the nature of this action:
 
 
 6
 [Plaintiff's action] has two claims, each with its own discrete jurisdictional base. The contract claim against the employer is based on Sec. 301, but the duty of fair representation is derived from the NLRA. Yet the two claims are inextricably interdependent. "To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union."
 
 
 7
 United Parcel Serv., Inc. v. Mitchell, 451 U.S. 56, 66-67 (1981) (Stewart, J., concurring) (footnote omitted) (quoting Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976)). Plaintiff cannot prevail against either defendant unless she demonstrates both alleged violations. Hines, 424 U.S. at 570-71; Allen v. Allied Plant Maintenance Co., 881 F.2d 291, 293 (6th Cir.1989).
 
 
 8
 A union, as the exclusive bargaining representative for employees in a bargaining unit, has a statutory duty to represent fairly such employees both in its collective bargaining with the employer and in its enforcement of the collective bargaining agreement. Vaca v. Sipes, 386 U.S. 171, 177 (1967). This duty requires a union to "exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Id. Errors in judgment or mere negligence by the Union do not establish a breach of its duty of fair representation. Hines, 424 U.S. at 570-71; Allen, 881 F.2d at 297.
 
 
 9
 Two conclusions must be reached in order for plaintiff to overturn the arbitrator's decision based on its claim against the Union. First, the Union must have breached its duty of fair representation to the employee. Second, this breach must have tainted the arbitrator's decision. Mitchell, 451 U.S. at 67 (Stewart, J., concurring); Hines, 424 U.S. at 568; Allen, 881 F.2d at 297.
 
 
 10
 Plaintiff contends that the Union breached its duty of fair representation because the Union disapproved of her sexual orientation and because it failed to call three witnesses at the arbitration hearing. The witnesses not called would have testified as to the events leading up to the second written warning, showing that Marty provoked plaintiff to take the actions for which she was disciplined. According to plaintiff, the arbitrator based his decision on an incomplete set of facts. Had he been aware of the cause of plaintiff's actions, the arbitrator may have reached a different conclusion. Thus, plaintiff asserts, the Union breached its duty of fair representation, and this breach tainted the arbitrator's decision.
 
 
 11
 We agree with the District Court that summary judgment for defendants is appropriate in the instant case. Plaintiff has failed to proffer any evidence for her conclusion that the Union breached its duty of fair representation because of her sexual orientation. Plaintiff, therefore, has failed to come forward with evidence to prove the existence of a genuine issue on which she will have the burden of persuasion at trial.
 
 
 12
 Nor does the Union's failure to call three witnesses establish a breach of its duty of fair representation. By plaintiff's own admission, this testimony sought to contest the validity of the second written warning. Yet plaintiff and the Union decided to contest at the arbitration hearing only the severity of the punishment based on actions occurring after the second warning. Given this strategy, any evidence depicting the events leading up to or challenging the second written warning would not have addressed the issue raised in the proceeding, the severity and disparity of treatment.
 
 
 13
 Moreover, the District Court noted the vigor with which the Union prosecuted this action:
 
 
 14
 An examination of the transcript of the arbitration hearing reflects a good faith attempt to advance the plaintiff's cause on the severity of the punishment issued. The employer's witnesses were questioned at length about past discipline decisions. The union presented its own testimony regarding past discipline decisions of the company. The scope of the union's presentation as summarized in his opinion demonstrates the breadth of the attack mounted by the union....
 
 
 15
 Joint App. at 18. The Union, after conferring with plaintiff, adopted a trial strategy that made the testimony of these three witnesses superfluous. We cannot say that this strategy was unreasonable under the circumstances. Nor do such actions by the Union establish a breach of its duty of fair representation. Indeed, the arbitrator specifically asked plaintiff if she had anything to say at the close of the arbitration proceedings. Plaintiff made no mention of the Union's alleged ineffectiveness or its failure to call certain witnesses. Hence, we conclude that the District Court properly granted defendants' motion for summary judgment.
 
 
 16
 Because we hold that the Union did not breach its duty of fair representation, we need not address the claim against Rubbermaid for breach of the collective bargaining agreement.
 
 
 17
 For the foregoing reasons, we AFFIRM the judgment of the District Court.